U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 5 2023

TONY R. MOORE, CLERK
BY: _____
DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA, LOUISIANA DIVISION**

**MARCUS R. COFIELD**                    **CIVIL ACTION NO.** 23-cv-1329 _____

**VERSUS**                               **DISTRICT JUDGE:**

**WALMART-ALEXANDRIA**                   **MAGISTRATE JUDGE:**

**SUIT FOR DISCRIMINATION AND RETALIATION UNDER 42 U.S.C. §§ 2000c et seq.**

**and SUPPLEMENTAL CLAIMS PURSUANT TO 28 U.S.C. § 1367; AND FOR**

**DAMAGES**

**COMPLAINT**

Plaintiff, United States of America ("United States"), alleges:

1.

This action is brought by and on behalf of the Plaintiff, Marcus R. Cofied, Pro Se, to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII")I and pendant claims under the laws of the State of Louisiana.

2.

**JURISDICTION AND VENUE:**

This Court has jurisdiction over the action under 42 U.S.C. §§ 2000e-5(f) and 2000e-6(a), and 28 U.S.C. §§ 1331 and 1345. 3. Venue is proper in the Western Division of the United States District Court for the Western District of Louisiana, Alexandria Division, pursuant to 28 U.S.C. § 1391, because defendant Walmart

1

Alexandria maintains a place of business in this judicial district and all or substantially all of the events giving rise to this action took place in this judicial district.

3.

**PARTIES & CHARGE OF DISCRIMINATION**

4.

Defendant Walmart is an incorporated business licensed to and doing business in the State of Louisiana, Parish of Rapides, City of Alexandria, Louisiana at all times relevant herein.

5.

Walmart is a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).

6.

**Walmart has branch offices and places of business throughout Louisiana, including an office located at 6225 Coliseum Blvd, Alexandria, Louisiana 71303.**

7.

In early January of 2020, Plaintiff was hired by Defendant as an Automotive Technician. He continued employed in that capacity until he was wrongfully, discriminatorily (race) and in retaliation for filing an EEOC claim, terminated by Defendant on about May 24, 2023.

8.

2

On about October 4, 2022, while working at his duties as Automotive Technician servicing a vehicle in the lower bay for oil change, a white male co-employee Automotive Technician named Randall White came into the area bent over the car Plaintiff was servicing from the lower bay, and began yelling something Plaintiff could not understand at first. Plaintiff then asked him "what did you say?" Randall responded with "What kind of 'f***ing oil did they put in this car?" Plaintiff immediately told Randall to not use that type language with him and further told Randall to check the oil cap to find out what type oil the upper bay employees put into the car. Randall then threatened to enter the lower bay and "slide" him from downstairs. Plaintiff, fearing for his safety in the workplace then ascended the stairs to the upper level whereupon Randall came toward Plaintiff in a menacing manner and forcefully chest bumped Plaintiff, yelling "come on mother***er," causing Plaintiff to fear for his safety. Plaintiff told Randall to not touch him any more. Randall then picked up a jug of oil as a weapon and held it like he intended to knock plaintiff out. Two white supervisors walked in during Randall's threat to harm Plaintiff in the work place and did nothing to discourage Randall. They further witnessed Randall tell Plaintiff in no uncertain terms that he would "f***ing kill" Plaintiff. However, none of the white supervisors did anything to discourage Randall in his threats against Plaintiff, while one of the white supervisors told Plaintiff to "go walk it off" as if the violent threats against Plaintiff's life by his co-employee were something that could be fixed if only Plaintiff, the victim, would walk it off. The supervisors condoned Randall's workplace violence and creation of a hostile working condition and did nothing to reprimand him. Plaintiff believes and shows the court that there was racially preferential treatment given by white supervisors to Randall, a white co-employee, in

condoning Randall's creation of a hostile work environment for Plaintiff in their presence. Other witnesses to the allegations of fact made in this paragraph include (a) Eric Moore, Jr., Automotive Tech and co-employee at Walmart; (b) Antonio Butler, Automotive Tech and co-employee of Walmart; and (c) Phillip Jefferson, Jr., a customer awaiting automotive care services.

9.

The customer, Phillip Jefferson, Jr., walked through the store with Plaintiff and tried to calm him with assurances that things will work out and that management would surely terminate Randall. As they walked through the store, the white supervisor, Tyler Montpelier, asked Plaintiff to come to the office and write a complaint statement about Randall White's assault and workplace threats of violence, which Plaintiff did. Plaintiff then requested the supervisor to call Randall in and have the matter discussed with he and Randall together. However the supervisor replied that he did not want to do that and that Randall needed to calm down first, but assured Plaintiff that the supervisor would turn in Plaintiff's statement to higher management at Corporate headquarters. This never happened

Plaintiff was then directed by Montpelier to go back into the hostile workplace where Randall was still present, and not removed from the shop as would have happened to a black employee if he had done the things against another employee as complained of in this petition and this paragraph in particular.

10.

4

The Automotive Shop Supervisor, Joe Geautrau, was on vacation on the day of the events describe in this paragraph. When Joe returned to work, he pulled Plaintiff to the side and asked Plaintiff to describe what happened on October 4, 2022. After Plaintiff explained the events and his concerns and fears of Randall, Joe promised Plaintiff that Randall would be terminated, but it never happened. Plaintiff feels that Joe wanted to make a negative example of Plaintiff to discourage reporting of hostile work environment occurrences. Although Plaintiff complained of his concerns and fears about Randall, Joe forced him to daily work in the hostile environment. This was actual condoning of a known hostile environment against Plaintiff by the supervisors and management at Defendant Walmart. Plaintiff continued feeling paranoid about the many tools that could be used as weapons by Randall sneak up on him and harm him.

11.

Plaintiff finally decided to call Defendant's headquarters office and make his complaints and concerns of potential harm know to the Corporate management, and to find out why Randall had not been terminated or removed from the same workplace as Plaintiff. Corporate advised Plaintiff that they had no knowledge of the violent incident involving Randall's assault and threats to kill Plaintiff, nor any written statement made plaintiff at the demand of his supervisor, and despite the fact that the supervisor, Tyler Montpelier, had promised Plaintiff that he would send the complaint to higher management for resolution. Defendant had ineffective discrimination and employee dispute policies.

12.

Plaintiff continued to suffer emotional and mental pain, anguish and suffering due to being forced to live in a hostile work environment with a co-employee who had physically assaulted him and threatened to kill him in the presence of at least two supervisors. After discussing his sleeplessness and restlessness with his wife, Plaiintiff decided in May of 2023 to seek help from a psychologist. Also, Plaintiff filed a discrimination complaint against Defendant with EEOC on about May 12, 2023. The psychologist made a referral of Plaintiff to a Psychiatrist for evaluation. However, prior to Plaintiff's scheduled medical evaluation, Defendant terminated Plaintiff on about May 24, 2023, and cut off Plaintiff's medical insurance benefits in less than 12 hours after termination of Plaintiff without advance notice or offering Plaintiff an option to continue the insurance. This termination was done in retaliation from Defendant being notified by EEOC that Plaintiff had filed a discrimination complaint.

13.

The reason alleged to EEOC for Defendant's termination of Plaintiff was making an error in transferring insurance coverage for a customer from one damaged tire to a new tire which cost the customer about one-dollar ($1.00) in April of 2023, more than a month prior to Plaintiff's termination. The customer made no complaint. However, on the same date as Plaintiff made this error, another co-employee made the exact same error while Plaintiff was on lunch break in changing insurance on a customer's damaged tire to the new tire costing that customer a little over one dollar ($1.00). Plaintiff was "coached" (written up and warned by the management not to repeat the mistake.) The other employee was neither coached nor fired. This disparate treatment of Plaintiff in

6

the employment context was based upon his race (black) and in retaliation for filing an employment discrimination complaint against Defendant.

14.

Plaintiff further shows the Court that in about November of 2022 two employees had a dispute resulting in one employee shoving another employee, and the other employee, Charles Thompson, a member of management, challenged the first employee to meet him in the parking lot. Defendant terminated both employees who were black, but did not terminate Randall White when he shoved plaintiff by a chest bump and threatened to hit plaintiff with a jug of oil and to kill Plaintiff in the very presence of two white supervisors who witnessed the incidents and plainly heard Randall's threats to kill Plaintiff and his cursing of Plaintiff, and did nothing about it. Plaintiff alleges and shows the Court that the sole reasons for his termination by Defendant were the intentional and willful infliction of emotional distress by unlawfully discriminating against Plaintiff and retaliating against him for filing an employment discrimination complaint with EEOC.

15.

Plaintiff alleges that, as a result of Defendant's unlawful actions complained of in this complaint he suffered damages as follows:

a. Wrongful termination on the basis of Plaintiff's race (black) and in retaliation for his filing a civil rights complaint against Defendant with EEOC;

b. Loss of wages which continues to the date of filing of this lawsuit, and is expected to continue until Defendant is made whole by order of this court, and which is not readily susceptible to a fixed sum, beyond what will be proven as reasonable at trial of this matter;

c. Intentional infliction of emotional and mental anguish, distress and pain by Defendant's management in an amount believed to be reasonably worth One Hundred Fifty Thousand Dollars ($150,000.00)

d. Intentional infliction of emotional and mental anguish, distress and pain by Defendant's employee, Randall White by intentional physical and verbal assault and threats to kill Plaintiff in the presence of two white supervisors who did not stop Randall during the incident, nor reprimand him on the spot;

e. Wrongful denial and termination of Plaintiff's employee medical benefits without reasonable notice and an opportunity to continue the insurance by self-payment which cause Plaintiff to lose much needed Psychiatric evaluation and further mental and emotional medical care and treatment; and

f. Such other and further damages, injuries and losses as may be proved at trial of this matter.

Wherefore, Plaintiff Prays that:

a. Defendant be served according to law with a summons and copy of this complaint, and compelled to file an answer within the legal delays;

b. After all due proceedings be had, judgment enter herein in favor of Plaintiff and against Defendant in an amount and sum sufficient, upon evidence, to make Plaintiff whole;

8

c.  There be a trial by jury; and

d.  Such other and further orders, judgments and decrees enter herein in favor of

e.  Plaintiff and against Defendant as permitted in law and equity.

Respectfully,

Marcus R. Cofield, Pro Se

2434 N. City Park Blvd

Alexandria, LA 71301

(318) 528-0055

**STATE OF LOUISIANA**

**PARISH OF RAPIDES**

## AFFIDAVIT

**BEFORE ME**, undersigned Notary Public in and for the aforesaid state and parish, personally came and appeared, **MARCUS R. COFIELD**, to me made personally known, who, after being first duly sworn, did depose and say that:

I, Marcus R. Cofield, am the author and Plaintiff in the foregoing petition; and hereby affirm under penalty of perjury that I have read the same and provided all information contained therein based upon my personal knowledge, information and belief; and that all allegations of fact contained therein are true and correct to the best of my personal knowledge, information and belief.

Signed: _____
                                    AFFIANT

**THUS DONE AND SIGNED BEFORE ME, NOTARY, ON THIS 25TH DAY OF SEPTEMBER, 2023.**

**Debra Hamilton - ID#49684**

_____                    _____

**NOTARY PUBLIC**                                                    **PRINT NOTARY'S NAME**